UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9509 PA (SHx) | Date | April 23, 2015 |
|---|---|---|---|
| Title | Shannon Fabrics, Inc. v. Jo-Ann Stores, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

  The Court has conducted a preliminary review of the revised pretrial documents submitted by plaintiff Shannon Fabrics, Inc. ("Plaintiff") and by defendant Jo-Ann Stores, Inc. ("Defendant") following the Further Pretrial Conference conducted on April 17, 2015. As with the Court's earlier reviews of the parties' previous pretrial documents, the Court has concluded that the revised pretrial documents continue to show a complete breakdown in the level of professionalism expected of counsel appearing before this Court.

  The Third Revised Pretrial Exhibit Stipulation filed on April 21, 2015, and the Fourth Revised Pretrial Exhibit Stipulation, filed on April 22, 2015, continue to assert the type of boilerplate evidentiary objections that the Court has repeatedly informed the parties were unacceptable. Moreover, the parties appear to be taking inconsistent positions, in one breath assailing the other side for making an objection to a document, and then in the next breath making an identical objection to the other party's similar document. As the Court warned the parties on January 6, 2015, "any time that the Court determines is wasted through unprofessional, unreasonable, or otherwise dilatory evidentiary objections will be counted against the objecting party's time limit."

  The Revised Pretrial Exhibit Stipulations are not the only examples of the parties' unreasonable and vexatious conduct. Defendant's Trial Brief, filed on April 21, 2015, relying on <u>Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.</u>, 778 F.3d 1059 (9th Cir. 2015), for the first time contends that Plaintiff's damages are for the Court rather than the Jury to determine. That case was decided by the Ninth Circuit two months ago, but Defendant did not raise this issue at last week's Further Pretrial Conference or at any other earlier time, but waited until seven days before the trial. Additionally, Defendant's argument appears to be based on a misreading of Plaintiff's damages expert's proffer and theory of damages, and conflicts with standard Ninth Circuit jury instructions to which the parties had previously agreed. As the Court understands it, and as the parties had previously apparently agreed, Plaintiff is not seeking an equitable disgorgement of Defendant's profits, but is instead using Defendant's profits as a substitute measure of its own damages. This is a common and well-accepted practice as is reflected in Ninth Circuit Model Civil Jury Instruction 15.26. The Court does not read <u>Fifty-Six Hope Road Music</u> as having changed this measure of damages, or requiring that the Court, rather than a jury, make that determination. Even if it did something more than merely hold that there is no right to a jury to find the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9509 PA (SHx) | Date | April 23, 2015 |
|---|---|---|---|
| Title | Shannon Fabrics, Inc. v. Jo-Ann Stores, Inc. | | |

amount of disgorgement, in this instance, the Court would nevertheless try that issue to the jury in an advisory capacity. See Fed. R. Civ. P. 39(c).

Plaintiff, for its part, included in its Revised Proposed Verdict Form, an interrogatory asking the jury to determine if "Shannon [should] be awarded its attorney fees?" The parties have proposed no jury instruction that would provide the jury with any standard upon which to determine this question. Perhaps the parties have not submitted such an instruction because none exists. Moreover, the reason no such instruction exists is because an award of attorneys' fees in trademark cases is reserved for "exceptional cases" and that determination is for the Court, not a jury, to make. See 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party." (emphasis added)); Watec Co., Ltd. v. Liu, 403 F.3d 645, 656 (9th Cir. 2005) ("[A] determination that a trademark case is exceptional is a question of law for the district court, not the jury . . . ."). Although the evidence elicited at trial may change the Court's view, nothing the Court has seen to date suggests that this is an "exceptional case" that will entitle the prevailing party, whichever side that may be, to an award of attorneys' fees. Certainly nothing about the conduct of counsel has been "exceptional" in any positive way.

The Court has also preliminarily reviewed the parties' proposed demonstrative exhibits and the attached exhibits. There appear to be few if any of the dozens of demonstrative exhibits to which the other side has not objected. Again, this vexatious and unreasonable conduct is not acceptable. If the parties cannot resolve the vast majority of their disputes concerning the demonstrative exhibits, neither side will be permitted to use demonstrative exhibits at trial. Similarly, the parties' designations of deposition testimony appear to contain the same type of boilerplate objections that the Court has already informed the parties are insufficient.

Although never appropriate, the time for taking unsupported and unreasonable positions ended months ago. The Court's patience is at an end and will not allow this pettiness, lack of professionalism, and wrongheaded legal posturing to waste the jury's time. The gamesmanship and refusal to narrow the legal disputes and issues for trial exhibited by both parties continues to suggest that the parties are not prepared to start trial on April 28, 2015. Nor is there reason to waste the Court's time with yet another Pretrial Conference when the documents submitted by the parties continue to establish that the parties continue to take unreasonable positions. The Court therefore vacates the Further Pretrial Conference scheduled for April 24, 2015. The Court will provide the parties with one final opportunity to meet and confer, resolve the vast majority of the outstanding issues, and submit further revised pretrial documents. The meet and confer is to be attended by lead trial counsel. The time for delegating the physical preparation of pretrial documents to associates and paralegals, leaving to them the task of reading and complying with this Court's orders, has ended. The Court holds lead trial counsel responsible for both the form and content of the pretrial documents submitted to this Court. These revised pretrial documents shall be filed by 10:00 a.m. on Monday, April 27, 2015. The revised pretrial documents should include jury instructions, deposition designations and objections, verdict form, pretrial exhibit stipulation, and proposed demonstrative exhibits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9509 PA (SHx) | Date | April 23, 2015 |
|---|---|---|---|
| Title | Shannon Fabrics, Inc. v. Jo-Ann Stores, Inc. | | |

    Should these revised documents still require the Court's time to discuss the parties' disputes, that discussion shall occur beginning at 8:30 a.m. on Tuesday, April 28, 2015. Should that conference continue past 9:00 a.m. while a jury is waiting, the Court shall deduct all time after 9:00 a.m. from the parties' trial time, with the Court apportioning that time based on its judgment of each parties' responsibility for the delay. If the parties fail to make sufficient progress, the Court may alternatively have no choice but to vacate the trial date and place this matter at the end of its trial calendar. The Court shall inform the parties if the trial date is vacated on the morning of April 28, 2015.[1]

    The Court has repeatedly warned the parties and their counsel that their conduct is unacceptable. Any further unreasonable or vexatious conduct by either party or their respective counsel will result in the imposition of monetary, evidentiary, or case dispositive sanctions. Counsel are ordered to provide a copy of this Order to their respective clients and, no later than 10:00 a.m. on April 27, 2015, file a Declaration with the Court signed under penalty of perjury that counsel have discussed the contents of this Order with their clients.

    IT IS SO ORDERED.

---

[1] Should the trial proceed on April 28, any time wasted through unprofessional, unreasonable or otherwise dilatory boilerplate evidentiary objections will be counted against the objecting party's six hours of trial time.